UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-0994 FMO (ADSx) | Date | April 5, 2019 |
| Title | Tania Wisbar Mahoney v. Brighthouse Life Insurance Co., et al. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
| Vanessa Figueroa | | None | None |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On December 18, 2018, plaintiff Tania Wisbar Mahoney ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Brighthouse Life Insurance Company ("Brighthouse") and Integrated Marketing & Insurance Services, Inc ("IMIS") (collectively, "defendants"). (See Dkt. 1-1, Exhibit A, Complaint ("Complaint") at ECF 17). Plaintiff asserted claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Brighthouse, and for "broker negligence" against IMIS. (See id. at ¶¶ 38-62). On February 8, 2019, Brighthouse removed the action to this court. (See Dkt. 1, Notice of Removal ("NOR")). On March 8, 2019, plaintiff filed the instant Motion to Remand (Dkt. 18, "Motion"). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0994 FMO (ADSx) | Date | April 5, 2019 |
|---|---|---|---|
| Title | Tania Wisbar Mahoney v. Brighthouse Life Insurance Co., et al. | | |

matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff appears to be a citizen of California. (See Dkt. 1, NOR at ¶ 15). Brighthouse is a citizen of Delaware and North Carolina. (See id. at ¶ 16). IMIS is a citizen of California. (See Dkt. 1-1, Complaint at ¶ 3). Brighthouse asserts, however, that IMIS is a sham defendant, and that therefore its citizenship should be disregarded for purposes of diversity jurisdiction. (See Dkt. 1, NOR at ¶ 17).

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Comput. Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944) (footnote omitted); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). The defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see, e.g., Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0994 FMO (ADSx) | Date | April 5, 2019 |
|---|---|---|---|
| Title | Tania Wisbar Mahoney v. Brighthouse Life Insurance Co., et al. | | |

resolved in the plaintiff's favor, the plaintiff <u>could</u> <u>not</u> <u>possibly</u> <u>recover</u> against the party whose joinder is questioned.") (emphasis in original); <u>Vasquez v. Bank of Am., N.A.</u>, 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." <u>Grancare, LLC v. Thrower</u>, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks omitted).

The court finds that Brighthouse has failed to meet its heavy burden of showing by clear and convincing evidence that plaintiff does not have colorable claims against IMIS. Brighthouse contends that plaintiff "does not (and cannot) allege negligence against [IMIS] under a broker theory[.]" (Dkt. 22, Opposition to Plaintiff's Motion to Remand ("Opp.") at 3) (capitalization omitted). However, Brighthouse overlooks the fact that the complaint clearly identifies IMIS as "a professional insurance broker" and alleges that "IMIS agreed to procure a long term care insurance policy" for plaintiff "[a]t Plaintiff's request[.]" (Dkt. 1-1, Complaint at ¶¶ 57, 59). And the complaint explicitly pleads "broker negligence" as a cause of action against IMIS. (<u>See</u> <u>id.</u> at ECF 25) (capitalization omitted). The complaint therefore does plead a negligence cause of action against IMIS under a broker theory. <u>See</u> <u>Fitzpatrick v. Hayes</u>, 57 Cal.App.4th 916, 922 (1997) (Under California law, "an insurance agent or broker has a general duty to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured[.]") (internal quotation marks omitted). Here, IMIS allegedly violated this duty when it failed to procure an adequate policy of the kind "request[ed]" by plaintiff. (<u>See</u> Dkt. 1-1, Complaint at ¶¶ 57-62; <u>see</u> <u>id.</u> at ¶ 61 ("Defendant IMIS breached its duty of care to Plaintiff by failing to procure a long term care insurance policy that would provide Plaintiff with the coverage Plaintiff needs.")); <u>see</u> <u>also</u> <u>Wallman v. Suddock</u>, 200 Cal.App.4th 1288, 1309 (2011) ("It is undisputed that an insurance agent's failure to procure agreed-upon coverage is actionable negligence.").[2]

Brighthouse also argues that a two-year statute of limitations bars plaintiff's claim against IMIS. (<u>See</u> Dkt. 22, Opp. at 7). "California Code of Civil Procedure section 339(1) . . . establishes a two-year limitations period for claims of professional negligence, including negligence by insurance brokers." <u>Seymour v. State Farm Gen. Ins. Co.</u>, 722 F.Appx. 736, 737 (9th Cir. 2018). This "limitations period would begin to run when the insured discovered or should have discovered the facts supporting liability." <u>Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.</u>,

---

[2] To the extent there is a factual dispute over whether IMIS procured the "exact policy [plaintiff] requested" or not, (<u>see</u> Dkt. 22, Opp. at 4-5), the court will resolve this dispute in plaintiff's favor. <u>See</u> <u>Mireles</u>, 845 F.Supp.2d at 1063 ("In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (internal quotation marks and emphasis omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0994 FMO (ADSx) | Date | **April 5, 2019** |
|---|---|---|---|
| Title | **Tania Wisbar Mahoney v. Brighthouse Life Insurance Co., <u>et</u> <u>al.</u>** | | |

115 Cal.App.4th 1145, 1164 (2004).

Brighthouse argues that the negligence claim against IMIS accrued in April 2014, when plaintiff first filed a claim for benefits. (<u>See</u> Dkt. 22, Opp. at 7-8). However, plaintiff claims that she did not become aware of IMIS's negligence until October 31, 2017, when her benefits under the policy were cancelled. (<u>See</u> Dkt. 23, Plaintiff's Reply ("Reply") at 7-8). Resolving factual disputes in plaintiff's favor, the court concludes that plaintiff did not discover the negligence until this later date. <u>See</u>, <u>e.g.</u>, <u>Williams v. Hilb, Rogal & Gobbs Ins. Servs. of Cal., Inc.</u>, 177 Cal.App.4th 624, 641 (2009) ("Thus a cause of action against an insurance broker who negligently secured automobile liability insurance in an amount less than that ordered by the car owner accrued when judgment was entered in a personal injury action in excess of the plaintiff's insurance—<u>not</u> when the automobile accident occurred, and not when the personal injury action was filed.") (emphasis in original). Plaintiff filed suit on December 18, 2018, well within the two-year limitations period. (<u>See</u> Dkt. 1-1, Complaint at ECF 17).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, <u>see</u> <u>Gaus</u>, 980 F.2d at 566; <u>see</u> <u>also</u> <u>Grancare, LLC</u>, 889 F.3d at 548, the court is not persuaded, under the circumstances here, that Brighthouse has met its burden of showing that IMIS was fraudulently joined. Because IMIS is a citizen of California, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this action.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion to Remand **(Document No. 18)** is **granted**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 825 Maple Avenue, Torrance, CA 90503, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

4. All outstanding motions are denied without prejudice as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | vdr |